RECEIVED

(COPY)

**FILE BY FAX**

**ORIGINAL FILED**

1    MICHAEL J. HOGAN, #66208   FEB 27 P 6: 00
2    PAUL J. BAUER, #202752
     DOWLING, AARON & KEELER, INC.   RICHARD W. WIEKING, CLERK
     8080 North Palm Avenue, Third Floor   U.S. DISTRICT COURT
3    Fresno, CA 93711   NO. DIST. OF CA.
4    Telephone: (559) 432-4500
     Facsimile: (559) 432-4590
5    E-mail: pbauer@daklaw.com

FEB 2 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6    Attorneys for Defendants
     INTERNATIONAL PAPER COMPANY,
7    d/b/a xpedx

**WDB**

8              UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10   LAKESHA WARE,                        **CV** No. **08      1187**
11                          Plaintiff,
                                          DEFENDANTS INTERNATIONAL PAPER
12         v.                             COMPANY'S AND XPEDX'S NOTICE OF
                                          REMOVAL OF ACTION UNDER 28
13   INTERNATIONAL PAPER CO., aka         U.S.C. § 1441(B) (FEDERAL QUESTION)
     INTERNATIONAL PAPER COMPANY, AKA
14   INTERNATIONAL PAPER, AKA XPEDX,
     XPEDX, a division of INTERNATIONAL   Action Filed:     January 11, 2008
15   PAPER, XPEDX, Does 1 to 10 Inclusive,
16
                            Defendants.
17

18         TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19         Defendants International Paper Company and xpedx (collectively "Defendants")

20   hereby remove this action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1443. Plaintiff

21   has asserted causes of action that arise under the Constitution, treaties or laws of the United States.

22   Specifically, Plaintiff alleges that Defendants discriminated against her in violation of Title VII of

23   the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. In support thereof, Defendants state as

24   follows:

25         1.     On January 28, 2008, Defendants International Paper Company and xpedx

26   were served with a copy of the Summons on Amended Complaint and the Amended Complaint

27   styled *Lakesha Ware vs. International Paper Co., aka International Paper Company, aka*

28   *International Paper, aka xpedx, xpedx, a division of International Paper, xpedx Does 1 to 10.*

01351-002\000010504.1                          1
                           DEFENDANTS' NOTICE OF REMOVAL

1   *Inclusive*, Case Number RG07358186, pending in the Alameda County Superior Court of

2   California. Copies of the foregoing documents are attached hereto as Exhibit A. These documents

3   constitute all pleadings, process and other documents served upon Defendants in this action. These

4   documents were the initial pleadings served upon Defendant setting forth the claims upon which

5   Plaintiff's action is based.

6           2.      Upon information and belief, Plaintiff is currently, and was at the

7   commencement of this action, a citizen of the state of California.

8           3.      Defendant International Paper Company is incorporated in the state of New

9   York and, at all relevant times, has had its principal place of business in the state of Tennessee.

10          4.      Defendant xpedx is a division of International Paper Company.

11          5.      Venue is proper in this Court.

12          6.      Defendants' Notice of Removal has been filed within 30 days after service

13  of Plaintiff's Complaint in accordance with 28 U.S.C. § 1446(b).

14                          **INTRADISTRICT ASSIGNMENT**

15          Pursuant to Civil L.R. 3-2(c) and (d), venue is proper as this Court serves the county

16  in which this action arises.

17          Copies of this Notice of Removal, as well as a Notice of Filing of Notice of

18  Removal, have been mailed to Plaintiff's counsel, and are being filed with the Clerk of the Alameda

19  County, California Clerk of Courts.

20          WHEREFORE, Defendant removes this action to the United States District Court

21  for the Northern District of California.

22  Dated: February 27, 2008.

23

24

25          By: /s/ PAUL J. BAUER
            PAUL J. BAUER
26          DOWLING, AARON & KEELER, INC.
            Attorneys for Defendants
27          INTERNATIONAL PAPER COMPANY,
            d/b/a xpedx

28

# EXHIBIT A

**CT** CORPORATION
A Wolterskluwer Company

**Service of Process Transmittal**
01/29/2008
CT Log Number 513026975

TO: Tamara Fields
International Paper Company
6400 Poplar Avenue
Memphis, TN 38197-

RE: **Process Served in California**

FOR: xpedx (Assumed Name) (Domestic State: NY)
International Paper Company (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

TITLE OF ACTION: Lakesha Ware, Pltf. vs. International Paper Co., et al. including Xpedx, Dfts.
Name discrepancy noted.

DOCUMENT(S) SERVED: Summons, Amended Complaint, Exhibits

COURT/AGENCY: Alameda County, Oakland, Superior Court, CA
Case # RG07356166

NATURE OF ACTION: Employee Litigation - Discrimination - Wrongful Termination - On 06/18/2007 - On the basis of race, sex, and/or disability

ON WHOM PROCESS WAS SERVED: C T Corporation System, Los Angeles, CA

DATE AND HOUR OF SERVICE: By Process Server on 01/28/2008 at 15:00

APPEARANCE OR ANSWER DUE: Within 30 days after service

ATTORNEY(S) / SENDER(S): Michael C. Cohen
Law Offices of Michael C. Cohen
1814 Franklin Street
Suite 900
Oakland, CA 94612
510-832-6435

ACTION ITEMS: SOP Papers with Transmittal, via Fed Ex Standard Overnight , 790927129890
Image SOP - Page(s): 29
Email Notification, Allison Temple ALLISON.TEMPLE@IPAPER.COM
Email Notification, Dawn Myles DAWN.MYLES@IPAPER.COM
Email Notification, Tamara Fields tamara.fields@ipaper.com

SIGNED: C T Corporation System
PER: Nancy Flores
ADDRESS: 818 West Seventh Street
Los Angeles, CA 90017
TELEPHONE: 213-337-4615

Page 1 of 1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1/28/08 ~73Pm

**SUMMONS ON AMENDED COMPLAINT**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INTERNATIONAL PAPER CO., aka INTERNATIONAL
PAPER COMPANY, aka INTERNATIONAL PAPER, aka
XPEDX, XPEDX, a division of INTERNATIONAL PAPER,
XPEDX, DOES 1 TO 10, INCLUSIVE,
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
LAKESHA WARE

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED
FILED
ALAMEDA COUNTY**

JAN 11 2008

CLERK OF THE SUPERIOR COURT
By KMR PHILLON , Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no le protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | CASE NUMBER *(Número del Caso)*: RG07358186 |
|---|---|

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael C. Cohen, Esq.        LAW OFFICES OF MICHAEL C. COHEN
1814 Franklin Street, Suite 900    Oakland, CA 94612
510-832-6000  JAN 11 2008

DATE:                    PAT S. SWEETEN Clerk, by    Kmel Chilhon , Deputy
*(Fecha)*                    *(Secretario)*            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [X] on behalf of *(specify)*: XPEDX
   under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)        [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms TM

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Ware v. XPEDEX
116K77002515.tif - 1/28/2008 12:06:30 PM

1 | Michael C. Cohen, Esq., Bar No. 65487
LAW OFFICES OF MICHAEL C. COHEN
2 | 1814 Franklin Street, Suite 900
Oakland, CA 94612
3 | (510) 832-6436

4 | Attorneys for Plaintiff

**ENDORSED
FILED
ALAMEDA COUNTY**

JAN 1 1 2008

CLERK OF THE SUPERIOR COURT
By KMPL DHILLON, deputy

5

6

7                    SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

8                              UNLIMITED JURISDICTION

9

10 | LAKESHA WARE,

Case No. RG07358186

11 |                    Plaintiff,

12 | vs.

13 | INTERNATIONAL PAPER CO., aka
INTERNATIONAL PAPER COMPANY,
14 | aka INTERNATIONAL PAPER, aka
XPEDX, XPEDX, a division of
15 | INTERNATIONAL PAPER, XPEDX
DOES 1 TO 10, INCLUSIVE,
16 |
17 |                    Defendants.

AMENDED COMPLAINT FOR
VIOLATION OF STATE STATUTES
PROHIBITING EMPLOYMENT
DISCRIMINATION, VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS
ACT OF 1964, AS AMENDED,
BREACH OF IMPLIED COVENANT OF
GOOD FAITH AND FAIR DEALING,
WRONGFUL TERMINATION IN
VIOLATION OF PUBLIC POLICY,
FAMILY LEAVE ACT

**DEMAND FOR JURY TRIAL**

18

19                              **GENERAL ALLEGATIONS**

20        Plaintiff, Lakesha Ware, alleges:

21        1.  Plaintiff Lakesha Ware (hereinafter referred to as

22 | "plaintiff") is an African American adult woman, who at all

23 | relevant times lived and worked in the county of Alameda, state

24 | of California.

25        2.  Plaintiff is informed and believed that at all times

26 | alleged herein, defendant International Paper Co., is a

27 | corporation, doing business in the state of California, county of

28                                      -1-

1 │ Alameda. Plaintiff is informed and believes and thereon alleges
2 │ that International Paper Co. is also known as International Paper
3 │ Company and also known as International Paper. Plaintiff is
4 │ informed and believes and thereon alleges that International
5 │ Paper Company, is also known as XPEDX. Plaintiff is informed and
6 │ believes that XPEDX is a division of International Paper Company.
7 │     4.    Plaintiff is informed and believes and thereon alleges
8 │ that at all times herein mentioned XPEDX is a corporation doing
9 │ business in Alameda County, State of California.
10 │     5.    Defendant, International Paper, aka International Paper
11 │ Company, aka XPEDX, (hereinafter referred to "International"), and
12 │ defendant XPEDX, and each of them, at all times alleged herein,
13 │ except as otherwise stated herein, was plaintiff's employer, and
14 │ subject to the Fair Employment and Housing Act, Government Code
15 │ §12900 et seq., in that said defendants, and each of them,
16 │ regularly employed more than (50) people.
17 │     6.    Defendant, International, and defendant XPEDX, and each
18 │ of them, except as otherwise stated herein was an employer,
19 │ subject to suit under Title VII of the Civil Rights Act of 1964,
20 │ as amended.
21 │     7.    Plaintiff is ignorant of the true names and capacities
22 │ of the defendants sued herein as DOES 1 to 10, inclusive and
23 │ therefore sues these defendants by such fictitious names.
24 │ Plaintiff will amend this complaint to allege their true names
25 │ and capacities when ascertained. Plaintiff is informed and
26 │ believes and thereon alleges that each of the fictitiously named
27 │ defendants is responsible as hereinafter shown for the
28 │                                   -2-

1  occurrences and injuries alleged in this complaint.

2      8.  Plaintiff is informed and believes, and thereon alleges,
3  that at all times herein mentioned, each DOE, defendant named
4  herein was the agent and/or employee of International and the
5  remaining DOE defendants, and in doing the things hereinafter
6  alleged, was acting within the course and scope of such agency
7  and/or employment.

8      9.  The unlawful employment practices complained of herein
9  occurred in Alameda County, state of California.

10     10.  Plaintiff is a person protected by the California Fair
11 Employment and Housing Act, Government Code §§ 12926, 12940 et
12 seq., in that he is an African American woman, a member of a
13 racial minority group.  Plaintiff was a disabled employee.
14 Plaintiff is informed and believes and thereon alleges that her
15 employer perceived her as having a disability.  Plaintiff
16 suffered an on the job injury, she applied for workers'
17 compensation disability benefits.  She was receiving workers'
18 compensation disability benefits at the time International and or
19 XPEDX fired her from her job.

20     11.  Plaintiff is a person protected by Title VII of the
21 Civil Rights Act of 1964, as amended.  Plaintiff is an African
22 American woman, a member of a racial minority group.  Plaintiff
23 was a disabled employee. Plaintiff is informed and believes and
24 thereon alleges that her employer perceived her as having a
25 disability.  Plaintiff suffered an on the job injury, she applied
26 for workers' compensation disability benefits.  She was receiving
27 workers' compensation disability benefits at the time

28                              -3-

1    International and or XPEDX fired her from her job.

2        12.   Plaintiff began working for International, and or XPEDX

3    on or about April 20, 2001, as a store associate.  She

4    satisfactorily performed all of her duties, and the conditions of

5    said employment, with reasonable competence, consistent with the

6    practices and policies of International, and or XPEDX, and each

7    of them, until said defendant and or each of them unlawfully

8    terminated her employment, effective May 18, 2007.

9        13.   Plaintiff sustained an on the job injury while working

10   in the course and scope of her job with International and or

11   XPEDX.

12       14.   Plaintiff filed a claim for workers' compensation

13   benefits for her on the job injury.  Plaintiff received workers'

14   compensation benefits because of her on the job injury.

15       15.   Plaintiff is informed and believes and thereon alleges

16   that her employer unlawfully terminated her employment because of

17   her race, sex, and or her disability, and or her perceived

18   disability, and or in retaliation against her because she filed a

19   workers' compensation claim and or received workers' compensation

20   benefits.

21       16.   Plaintiff exhausted her administrative remedy before

22   filing his lawsuit herein.  Plaintiff filed a complaint with the

23   Equal Employment Opportunity Commission, (hereinafter referred to

24   as "EEOC").  A copy of her EEOC complaint is marked Exhibit A,

25   attached hereto and incorporated herein.

26       17.   Plaintiff received a Right To Sue Letter from EEOC, and

27   filed her lawsuit herein within ninety days of her receipt of her

28                              -4-

1  EEOC Right To Sue Letter. A copy of her Right To Sue Letter from
2  EEOC is marked **Exhibit B**, attached hereto and incorporated herein
3  by this reference.

4      18.  Plaintiff is informed and believes and thereon alleges
5  that Defendant, and each of them was timely served a copy of
6  plaintiff's DFEH complaint and a copy of the Notice of Case
7  Closure.

8      19.  Plaintiff, thereafter filed another complaint against
9  International Paper Co. A copy of plaintiff's EEOC complaint is
10 marked **Exhibit C**, attached hereto and incorporated herein by this
11 reference.

12     20.  Plaintiff received a Right To Sue Letter from EEOC and
13 then timely filed her lawsuit herein, within ninety days of
14 receipt of her Right To Sue letter from EEOC. A copy of his
15 Right To Sue Letter from EEOC is marked **Exhibit D**, attached
16 hereto and incorporated herein.

17     21.  At all times relevant hereto, plaintiff's supervisor
18 and manager(s) were the agents/and or employees of defendant and
19 DOES 1 to 10, inclusive, and each of them, in doing the things
20 hereinafter alleged, were acting within the course and scope of
21 such agency and/or employment.

22     22.  At all relevant times, defendant, and Does 1 to 10,
23 inclusive, and each of them, knew or should have known that its
24 managerial employee(s), was discriminating against plaintiff
25 because of plaintiff's race, and or sex, and or disability, and
26 or perceived disability and or retaliating against plaintiff
27 because of plaintiff filed her workers' compensation complaint
28                          -5-.

1  and or was receiving workers' compensation benefits.

2      23.  The actions and failures to act of defendant and DOES

3  1 to 10, inclusive, and each of them, were severe and pervasive

4  such that it created a hostile work environment for plaintiff.

5      24.  Defendant and DOES 1 to 10, inclusive, and each of

6  them, despite knowledge and or adequate opportunity to learn of

7  the misconduct of its agents and or employees, retained said

8  defendants, agents and or employees in its service, and

9  thereafter adopted, approved and ratified the acts, omissions and

10  misconduct of said defendants.

11      25.  Defendants, and each of them, discriminated against

12  plaintiff because of plaintiff's race, and or her sex, and or

13  disability and or perceived disability and or in retaliation

14  against her for filing her workers' compensation claim and or her

15  receiving workers' compensation benefits by doing the acts

16  complained of herein; said acts included but are not limited to:

17      a.  Terminating plaintiff's employment;

18      b.  Denying plaintiff employment opportunities;

19      c.  Failing to take all reasonable immediate and appropriate

20      corrective action to remedy the unlawful employment

21      discrimination and or retaliation;

22      d.  Failing to take all reasonable steps necessary to prevent

23      unlawful discrimination and or retaliation from occurring on

24      the job;

25      26.  As a proximate cause of the alleged acts of defendant

26  and each of them, plaintiff has suffered emotional distress, loss

27  of income and will continue to suffer emotional distress, future

28                             -6-

1   income loss, wage loss, and attorney fees and other incidental

2   and out-of pocket expenses, all to plaintiff's damage in an

3   amount to be shown according to proof.

4        27.  Plaintiff hereby demands a jury trial.

5                    **FIRST CAUSE OF ACTION**
                **VIOLATION OF GOVERNMENT CODE §§12920,**
6                    **12921, and 12940 et seq.**

7        28.  Plaintiff realleges and incorporates by reference

8   Paragraphs 1 through 27 of the Complaint as though fully set

9   forth at length herein.

10       29.  In doing each and all of the acts alleged herein, said

11  defendants, intentionally, willfully, and without justification,

12  attempted to and did deprive Plaintiff of her rights, privileges

13  and immunities secured to her by the Constitution and laws of the

14  State of California, particularly his right to be free from

15  discrimination and/or harassment in employment on the grounds of

16  race as provided by Government Code §§ 12920, 12921, 12940, et

17  seq..

18       30.  Plaintiff exhausted her administrative remedy prior to

19  filing her lawsuit herein.

20       31.  Plaintiff received a Right To Sue Letter from DFEH, and

21  then filed his lawsuit herein within one year from the date of

22  his Right To Sue Letter.

23       32.  Defendant's conduct proximately caused plaintiff to

24  retain an attorney to represent him and incur attorney fees.  The

25  amount of attorney fees has not been fully determined at this

26  time; the amount of attorney fees will be shown according to

27  proof at the time of trial.

28                              -7-

33.   Defendant's conduct and or the conduct of each
defendant, alleged herein proximately cause plaintiff to lose
income, and employment benefits, and suffer emotional distress,
mental anguish, anxiety and worry, and incur attorney fees, and
is reasonably certain to proximately cause plaintiff to lose
income and suffer emotional distress, mental anguish, anxiety and
worry, and incur attorney fees, in the future all to plaintiff's
damage in an amount to be shown according to proof.

34.   The conduct of defendants, and each of them, alleged
herein was willful, wanton, malicious, and oppressive, in that
defendant knew or should have known that its conduct was
unreasonable and or illegal.  Furthermore, defendant's acts were
carried out in willful and conscious disregard of plaintiff's
rights and well-being such as to constitute malicious, despicable
conduct within the meaning of California Civil Code §3294,
entitling plaintiff to punitive damages in an amount appropriate
to punish or make an example of defendant.

## SECOND CAUSE OF ACTION
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS
### ACT OF 1964, AS AMENDED

35.   Plaintiff realleges, and incorporates by reference,
Paragraphs 1 through 34 of the Amended Complaint as though fully
set forth at length herein.

## THIRD CAUSE OF ACTION
### BREACH OF THE IMPLIED IN FACT CONTRACT

36.   Plaintiff realleges, and incorporates by reference,
Paragraphs 1 through 33 of the Amended Complaint as though fully
set forth at length herein.

-8-

37. The conduct, policies, and past practices of defendant
and DOES 1 to 5, inclusive, and each of the, and of its agents
and employees, as alleged herein, during plaintiff's years of
employment with said defendant(s), gave rise to an implied in
fact contract between plaintiff and defendant(s) and caused
plaintiff to reasonably believe that, if she faithfully and
diligently performed the duties of his position that he would be
treated fairly and remain in defendant's employ until her reached
retirement age.  Defendant, and DOES 1 TO 10, inclusive, and each
of them, represented that it was an equal opportunity employer
who would not intentionally limit or terminate plaintiff's
employment, except for good cause only; and that plaintiff would
be treated fairly and not discriminated against because of her
race, her ethnicity and or disability or perceived disability,
and not in retaliation for filing a workers' compensation claim
and or for taking off work because of a work related injury.

38. Defendants, and each of them, breached this implied in
fact covenant by doing the acts and failing to act, as alleged in
this complaint.

39. As a direct proximate cause of defendants' breach of
said implied contract, plaintiff has lost income and sustained
damages in an amount to be shown at the time of trial.  It is
reasonably certain that plaintiff will lose additional income in
the future.

////

////

-9-

1                     **FOURTH CAUSE OF ACTION**
                    **BREACH OF THE IMPLIED COVENANT OF**

2                     **GOOD FAITH AND FAIR DEALING**

3       40.   Plaintiff realleges, and incorporates by reference,

4 Paragraphs 1 through 39 of the Amended Complaint as though fully

5 set forth at length herein.

6       41.   Into every employment contract there is an implied

7 covenant of good faith and fair dealing requiring each party to

8 the agreement to refrain from acting in a manner which will

9 unfairly deprive the other party from the benefit of the bargain.

10 Defendants, and each of them, breached the implied covenant of

11 good faith and fair dealing owed to plaintiff by the acts or

12 omissions alleged herein.

13                     **FIFTH CAUSE OF ACTION**
                    **WRONGFUL TERMINATION IN VIOLATION**

14                     **OF PUBLIC POLICY**

15       42.   Plaintiff realleges, and incorporates by reference,

16 Paragraphs 1 through 34 of the Complaint as though fully set

17 forth at length herein.

18       43.   Defendants, in doing the acts complained about herein,

19 and in failing to acts as complained about herein, violated

20 public policy as set forth in Government Code sections 12920 &

21 12921.

22                     **SIXTH CAUSE OF ACTION**
                    against Xpedx for Violation of

23                     Title VII of the Civil Rights Act
                    of 1964, as amended

24

25       44.   Plaintiff realleges, and incorporates by reference,

26 Paragraphs 1, 4, 6 through 15, 21 through 27, 33, & 34 of the

27 Amended Complaint as though fully set forth at length herein.

28                             -10-

45. Prior to filing her complaint herein against Xpedx for violation of Title VII of the Civil Rights Act of 1964, as amended, plaintiff exhausted her administrative remedy by filing a complaint with the EEOC against Xpedx. A copy of plaintiff's complaint is marked Exhibit E, attached hereto and incorporated herein by this reference.

46. Plaintiff received a Right To Sue Letter from EEOC regarding her EEOC complaint against Xpedx, after she filed the complaint herein. A copy of her EEOC Right To Sue Letter regarding her complaint against Xpedx is marked Exhibit F, attached hereto and incorporated herein by this reference. Plaintiff amended her complaint to add a cause of action against Xpedx within ninety (90) days of receipt of her Right To Sue Letter.

### SEVENTH CAUSE OF ACTION
#### Against Xpedx for violation of California Government Codes Section 12940, et seq.

47. Plaintiff realleges, and incorporates by reference, Paragraphs 1, 4, 6 through 15, 21 through 27, 33, & 34 of the Amended Complaint as though fully set forth at length herein.

48. Prior to filing her complaint herein against Xpedx for violation of California Government Code Section 12940, et seq., plaintiff exhausted her administrative remedy by filing a complaint with the EEOC against Xpedx. A copy of plaintiff's complaint is marked Exhibit E, attached hereto and incorporated herein.

49. Plaintiff received a Right To Sue Letter from DFEH regarding her DFEH complaint against Xpedx, after she filed the

-11-

1   complaint herein.  A copy of her DFEH Right To Sue Letter
2   regarding her complaint against Xpedx is marked Exhibit G,
3   attached hereto and incorporated herein by this reference.
4   Plaintiff amended her complaint to add a cause of action against
5   Xpedx within one year from her receipt of her Right To Sue
6   Letter.

7                                PRAYER

8       WHEREFORE, Plaintiff prays for judgement against all
9   Defendants, and each of them as follows:

10      1.   Compensatory and special damages, including damages for
11  mental and emotional distress, in an amount to be determined at
12  the time of trial;

13      2.   Lost income, past and future;

14      3.   Punitive and exemplary damages in an amount appropriate
15  to punish and/or make an example of the Defendants sued
16  individually herein to be determined at trial;

17      4.   Reasonable attorney fees;

18      5.   Costs of suit incurred herein;

19      6.   Prejudgment interest at the legal rate on the amount of
20  Plaintiff's lost wages and employment benefits; and

21      7.   Such other and further relief as the Court deems just
22  and proper.

23  Dated: January 8, 2008          LAW OFFICES OF MICHAEL C. COHEN

24

25                              By: _____
26                                  MICHAEL C. COHEN,
                                    Attorney for Plaintiff
27

28                                  -12-

EEOC CHARGE # 555-2007-00774

LEKISHA WARE'S EQUAL EMPLOYMENT OPPORTUNITY COMPLAINT AND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING COMPLAINT FOR
DISCRIMINATION BASED ON RACE, SEX, DISABILITY, PERCEIVED DISABILITY,
AND OR RETALIATION FOR FILING A WORKER'S COMPENSATION CLAIM, AND OR
RECEIVING WORKERS' COMPENSATION BENEFITS

CLAIMANT:                                    **RECEIVED**
Lekisha Ware
2137 Park Blvd. Apt. 11                        AUG 3 0 2007
Oakland, CA 94606
tele. No. 510-419-0693                       **EEOC - OLO**
SS # 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

ADDRESS WHERE CLAIMANT'S NOTICES SHOULD BE SENT:
Michael C. Cohen, Esq.
Law Offices of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, California, 94612
tele. No. 510-832-6436

EMPLOYER:
International Paper, aka XPEDX A division of International Paper
330 Brush Street
Oakland, CA 94607

ADDRESS WHERE NOTICES SHOULD BE SENT:
Brenda V. Thompson
Senior Counsel, Employment and Labor
International Paper Company
6285 Tri-Ridge Blvd.
Loveland, OH 45140
tele. No. 513-965-2955

FACTS GIVING RISE TO CLAIM:

Claimant, Lekisha Ware, is an African American woman. International Paper, aka,
XPEDX, a division of International Paper, (International Paper) is her former employer. Ms.
Ware was employed by International Paper for six years. During the time she was employed she
performed her job duties satisfactorily. She was working as a store associate at a store in
Oakland, California, when the store planed to re-located from Oakland to Berkeley, California.
Ms. Ware was ready, willing and able to continue working for International Paper, at its new
location in Berkeley. Ms. Ware sustained a workers' compensation injury and applied for
workers' compensation benefits. Shortly thereafter, Dale Alexander, manager of Human
Resources informed her that she was terminated effective May 18, 2007, because of a reduction

EXHIBIT A

1180477002515 III - 112082006 12:06:30 PM

EEOC CHARGE # 555-2007-00774

Lakisha Ware EEOC & DFEH Complaint
Page 2.

in the employer's work force. However, the store recently hired a male to perform the same
work Ms. Ware had been performing for the employer.

Ms. Ware contends that she was discriminated because of her race, sex, disability and or
perceived disability and or in retaliation for her filing a workers compensation claim, and or
receiving workers compensation benefits.

International Paper contends that claimant resigned from her job because she was
required to work a different schedule at the Berkeley store than she worked at the Oakland store.

Ms. Ware contends that International Paper's stated reasons for her separation from her
job is a pretext, and that the real reason she was terminated from her job was because of her race,
sex, disability and or perceived disability and or in retaliation for her filing a workers'
compensation claim, and or receiving workers' compensation benefits.

I declare under penalty of perjury, pursuant to the laws of the State of California and
pursuant to the laws of the United States of America, that the statements herein are true and
correct from my personal knowledge. If sworn under oath I could and would competently testify
from my personal knowledge that the statements herein are true and correct and that this
declaration was executed in Oakland, California on the date indicated below.

Date: June 27, 2007

Lakisha Ware

**RECEIVED**

AUG 3 0 2007

**EEOC - OLO**

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Lekisha Ware
C/O Michael Cohen, Esq.
1814 Franklin St., Ste 900
Oakland, CA 94612

From: Oakland Local Office
1301 Clay Street
Suite 1170-N
Oakland, CA 94612

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 555-2007-00774 | Julian F. Melendrea, Investigator Support Asst | (510) 637-3242 |

(See also the additional information enclosed with this form)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_signature_          8/30/07
Michelle L. Nardella,          (Date Mailed)
Director

Enclosures(s)

cc: Brenda Thompson
Senior Counsel
INTERNATIONAL PAPER COMPANY
6285 Tri-Ridge Blvd
Loveland, OH 45140

EXHIBIT B

STATE OF CALIFORNIA—Business and Consumer Ser.                                    ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320

☐ H   1001 Tower Way, Suite 250
      Bakersfield, CA 93309
      (661) 395-2729

☐ C   1320 E. Shaw Avenue, Suite 150
      Fresno, CA 93710
      (559) 244-4760

☐ R/S/T  611 West Sixth Street, Suite 1500
         Los Angeles, CA 90017
         (213) 439-6799

☑ M   1515 Clay Street, Suite 701
      Oakland, CA 94612
      (510) 622-2941

☐ E   2000 "O" Street, Suite 120
      Sacramento, CA 95814
      (916) 445-9929

☐ D   7350 Front Street, Suite 3005
      San Diego, CA 92101
      (619) 645-2681

☐ A   San Francisco District Office
      1515 Clay Street, Suite 701
      Oakland, CA 94612
      (510) 622-2973

☐ G   2570 North First Street, Suite 480
      San Jose, CA 95131
      (408) 325-0344

☐ K   2101 East Fourth Street, Suite 255-B
      Santa Ana, CA 92705
      (714) 558-4266

EEOC Number:      555-2007-00774
Case Name:        WARE, Lekisha v. International Paper
                  Co.
Date:             August 30, 2007

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to
the California Department of Fair Employment and Housing (DFEH) by the U.S.
Equal Employment Opportunity Commission (EEOC). The complaint will be filed
in accordance with California Government Code section 12950. This notice
constitutes service pursuant to Government Code section 12962.

<u>No response to the DFEH is required by the respondent.</u>

The EEOC will be responsible for the processing of this complaint. DFEH will
not be conducting an investigation into this matter. EEOC should be contacted
directly for any discussion of the charge. DFEH is closing its case on the basis
of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue
notice. According to Government Code section 12965, subdivision (b), you
may bring a civil action under the provisions of the Fair Employment and
Housing Act against the person, employer, labor organization or employment
agency named in the above-referenced complaint. The lawsuit may be filed in a
State of California Superior or Justice Court. Government Code section 12965,
subdivision (b), provides that such a civil action must be brought within one
year from the date of this notice. Pursuant to Government Code section
12965, subdivision (d)(1), this one-year period will be tolled during the
pendency of the EEOC's investigation of your complaint. You should consult an
attorney to determine with accuracy the date by which a civil action must be
filed. This right to file a civil action may be waived in the event a settlement
agreement is signed. Questions about the right to file under federal law should
be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is
filed.

<u>Remember: This Right-To-Sue Notice allows you to file a private lawsuit in
State court.</u>

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

DFEH-200-03 (06/06) (L16/27802615.M), 12/20/2008 12:05:30 PM

Enclosure with EEOC
Form 161-B (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS  —  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you receive this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was mailed to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS  —  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 — not 12/1/02 — in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION  —  **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE  —  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

LEKISHA WARE'S EQUAL EMPLOYMENT OPPORTUNITY COMPLAINT AND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING COMPLAINT AGAINST
INTERNATIONAL PAPER COMPANY FOR DISCRIMINATION BASED ON RACE, SEX,
DISABILITY, PERCEIVED DISABILITY, MEDICAL CONDITION, AND OR
RETALIATION FOR FILING A WORKER'S COMPENSATION CLAIM, AND OR
RECEIVING WORKERS' COMPENSATION BENEFITS

**RECEIVED**

CLAIMANT:
Lekisha Ware
2137 Park Blvd. Apt. 11
Oakland, CA 94606
tele. No. 510-419-0693
SS # 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

NOV 16 2007

**EEOC - OLO**

ADDRESS WHERE CLAIMANT'S NOTICES SHOULD BE SENT:
Michael C. Cohen, Esq.
Law Offices of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, California, 94612
tele. No. 510-832-6436

EMPLOYER:
International Paper Company
4510 Reading Road
Cincinnati, Ohio 45229

ADDRESS WHERE NOTICES SHOULD BE SENT:

XPEDX
General Manager
330 Brush Street
Oakland, CA 94607

Brenda V. Thompson
Senior Counsel, Employment and Labor
International Paper Company
6285 Tri-Ridge Blvd.
Loveland, OH 45140
tele. No. 513-965-2966

International Paper
4510 Reading Road
Cincinnati, Ohio 45229

EXHIBIT C

Lakisha Ware EEOC & DFEH
Complaint against International Paper
Page 2.

## FACTS GIVING RISE TO CLAIM:

Claimant, Lakisha Ware, is an African American woman. International Paper is her former employer. Ms. Ware was employed by International Paper for six years. During the time she was employed she performed her job duties satisfactorily. She was working for International Paper as a store associate at a store in Oakland, California, when the store planed to re-located from Oakland to Berkeley, California. Ms. Ware was ready, willing and able to continue working for International Paper at its new location in Berkeley. Ms. Ware sustained a back injury on the job in January 2007. Because of her back injury she was placed on light duty and she filed a workers compensation claim. She remained on light duty until International Paper terminated her from her job.

Dale Alexander, manager of Human Resources informed Claimant that she was terminated effective May 18, 2007, because of a reduction in the employer's work force. However, the store hired a male at that time or shortly before or after that date, to perform the same work Ms. Ware had been performing for the employer.

Ms. Ware contends that International Paper discriminated because of her race, sex, disability and or perceived disability, and or her medical condition and or in retaliation for her filing a workers compensation claim, and or receiving workers compensation benefits.

International Paper contends that claimant resigned from her job because she was required to work a different schedule at the Berkeley store than she worked at the Oakland store.

Ms. Ware contends that International Paper's stated reasons for terminating Ms Ware's employment is a pretext, and that the real reason she was terminated from her job was because of her race, sex, disability and or perceived disability and or medical condition and or in retaliation for her filing a workers' compensation claim, and or receiving workers' compensation benefits.

I declare under penalty of perjury, pursuant to the laws of the State of California and pursuant to the laws of the United States of America, that the statements herein are true and correct from my personal knowledge. If sworn under oath I could and would competently testify from my personal knowledge that the statements herein are true and correct and that this declaration was executed in Oakland, California on the date indicated below.

Date: 11-5-07

Lakisha Ware

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Lakisha Ware
C/O Michael Cohen, Esq.
1814 Franklin St., Ste 900
Oakland, CA 94612

From: Oakland Local Office
1301 Clay Street
Suite 1170-N
Oakland, CA 94612

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 555-2008-00150 | Julian F. Melendres,
Investigator Support Asst | (510) 637-3242 |

(See also the additional information enclosed with this form)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_(signature)_                          11/19/07
Michelle L. Nardella,                  (Date Mailed)
Director

Enclosures(s)

cc:    Brenda V. Thompson
Sr. Counsel, E & L
INTERNATIONAL PAPER COMPANY
6285 Tri - Ridge Blvd.
Loveland, OH 45140

EXHIBIT D

Enclosure with EEOC
Form 161-B (3/98)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you receive this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 — not 12/1/02 — in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Lakisha Ware EEOC & DFEH
Complaint against International Paper                    EEOC CHARGE # 555-2008-00160
Page 2.

## FACTS GIVING RISE TO CLAIM:

Claimant, Lakisha Ware, is an African American woman. International Paper is her former employer. Ms. Ware was employed by International Paper for six years. During the time she was employed she performed her job duties satisfactorily. She was working for International Paper as a store associate at a store in Oakland, California, when the store planed to re-located from Oakland to Berkeley, California. Ms. Ware was ready, willing and able to continue working for International Paper at its new location in Berkeley. Ms. Ware sustained a back injury on the job in January 2007. Because of her back injury she was placed on light duty and she filed a workers compensation claim. She remained on light duty until International Paper terminated her from her job.

Dale Alexander, manager of Human Resources informed Claimant that she was terminated effective May 18, 2007, because of a reduction in the employer's work force. However, the store hired a male at that time or shortly before or after that date, to perform the same work Ms. Ware had been performing for the employer.

Ms. Ware contends that International Paper discriminated because of her race, sex, disability and or perceived disability, and or her medical condition and or in retaliation for her filing a workers compensation claim, and or receiving workers compensation benefits.

International Paper contends that claimant resigned from her job because she was required to work a different schedule at the Berkeley store than she worked at the Oakland store.

Ms. Ware contends that International Paper's stated reasons for terminating Ms Ware's employment is a pretext, and that the real reason she was terminated from her job was because of her race, sex, disability and or perceived disability and or medical condition and or in retaliation for her filing a workers' compensation claim, and or receiving workers' compensation benefits.

I declare under penalty of perjury, pursuant to the laws of the State of California and pursuant to the laws of the United States of America, that the statements herein are true and correct from my personal knowledge. If sworn under oath I could and would competently testify from my personal knowledge that the statements herein are true and correct and that this declaration was executed in Oakland, California on the date indicated below.

Date: 11-5-07                                            Lakisha Ware
                                                        Lakisha Ware

### RECEIVED

NOV 19 2007

### EEOC - OLO

STATE OF CALIFORNIA - Business and Consumer Svcs... Agency                                      ARNOLD SCHWARZENEGGER, Gov.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320

**H** ☐ 1001 Tower Way, Suite 250
Bakersfield, CA 93309
(661) 395-2729

**C** ☐ 1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

**R/S/T** ☐ 611 West Sixth Street, Suite 1500
Los Angeles, CA 90017
(213) 439-6799

**M** ☒ 1515 Clay Street, Suite 701,
Oakland, CA 94612
(510) 622-2941

**E** ☐ 2000 "O" Street, Suite 120
Sacramento, CA 95814
(916) 445-5523

**D** ☐ 1350 Front Street, Suite 3005
San Diego, CA 92101
(619) 645-2681

**A** ☐ San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

**G** ☐ 3070 North First Street, Suite 480
San Jose, CA 95131
(408) 325-0344

**K** ☐ 2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266

| | |
|---|---|
| EEOC Number: | 555-2008-00150 |
| Case Name: | Ms. Lakisha Ware v International Paper |
| Date: | November 19, 2007 |

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

**Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.**

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

1194778025151.01 - 1/28/2008 12:05:30 PM

LEKISHA WARE'S EQUAL EMPLOYMENT OPPORTUNITY COMPLAINT AND
DEPARTMENT AND FAIR EMPLOYMENT AND HOUSING COMPLAINT AGAINST
XPEDX, FOR DISCRIMINATION BASED ON RACE, SEX, DISABILITY, PERCEIVED
DISABILITY, MEDICAL CONDITION, AND OR RETALIATION FOR FILING A
WORKER'S COMPENSATION CLAIM, AND OR RECEIVING WORKERS'
COMPENSATION BENEFITS

CLAIMANT:
Lekisha Ware
2137 Park Blvd. Apt. 11
Oakland, CA 94606
tele. No. 510-419-0693
SS # 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

ADDRESS WHERE CLAIMANT'S NOTICES SHOULD BE SENT:
Michael C. Cohen, Esq.
Law Offices of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, California, 94612
tele. No. 510-832-6436

EMPLOYER:
XPEDX
330 Brush Street
Oakland, CA 94607

ADDRESS WHERE NOTICES SHOULD BE SENT:

XPEDX
General Manager
330 Brush Street
Oakland, CA 94607

Brenda V. Thompson
Senior Counsel, Employment and Labor
International Paper Company
6285 Tri-Ridge Blvd.
Loveland, OH 45140
tele. No. 513-965-2966

International Paper
4510 Reading Road
Cincinnati, Ohio 45229

Exhibit E

116477802615.1W - 1/29/2008 12:05:30 PM

**RECEIVED**

EEOC CHARGE # 555-2008-00159

Lekisha Ware EEOC & DFEH
Complaint against XPEDX
Page 2.

NOV 19 2007

**EEOC - OLO**

## FACTS GIVING RISE TO CLAIM:

Claimant, Lekisha Ware, is an African American woman. XPEDX is her former employer. Ms. Ware was employed by XPEDX for six years. During the time she was employed she performed her job duties satisfactorily. She was working for XPEDX as a store associate at a store in Oakland, California, when the store planed to re-located from Oakland to Berkeley, California. Ms. Ware was ready, willing and able to continue working for XPEDX, at its new location in Berkeley. Ms. Ware sustained a back injury on the job in January 2007. Because of her back injury she was placed on light duty and she filed a workers compensation claim. She remained on light duty until XPEDX terminated her from her job.

Dale Alexander, manager of Human Resources informed Claimant that she was terminated effective May 18, 2007, because of a reduction in the employer's work force. However, the store hired a male at that time or shortly before or after that date, to perform the same work Ms. Ware had been performing for the employer.

Ms. Ware contends that XPEDX discriminated because of her race, sex, disability and or perceived disability, and or her medical condition and or in retaliation for her filing a workers compensation claim, and or receiving workers compensation benefits.

XPEDX contends that claimant resigned from her job because she was required to work a different schedule at the Berkeley store than she worked at the Oakland store.

Ms. Ware contends that XPEDX's stated reasons for terminating Ms Ware's employment is a pretext, and that the real reason she was terminated from her job was because of her race, sex, disability and or perceived disability and or medical condition and or in retaliation for her filing a workers' compensation claim, and or receiving workers' compensation benefits.

I declare under penalty of perjury, pursuant to the laws of the State of California and pursuant to the laws of the United States of America, that the statements herein are true and correct from my personal knowledge. If sworn under oath I could and would competently testify from my personal knowledge that the statements herein are true and correct and that this declaration was executed in Oakland, California on the date indicated below.

Date: 11-05-07

Lekisha Ware

**Exhibit E**

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Lekisha Ware<br>C/O Law Ofcs Michael Cohen<br>1814 Franklin Street, Suite 90<br>Oakland, CA 94612 | From: Oakland Local Office<br>1301 Clay Street<br>Suite 1170-N<br>Oakland, CA 94612 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 556-2008-00159 | Julian P. Melendres,<br>Investigator Support Asst | (510) 637-3242 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Michelle L. Nardella,
Director

11/29/07
*(Date Mailed)*

Enclosures(s)

cc:  Elizabeth Richman
Human Resources Manager
XPEDX
30535 Huntwood Ave
Hayward, CA 94544

**Exhibit F**

STATE OF CALIFORNIA -- State and Consumer Services Agency

ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320

☐ **H** 1001 Tower Way, Suite 250
Bakersfield, CA 93309
(661) 395-2729

☐ **C** 1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

☐ **R/S/T** 611 West Sixth Street, Suite 1500
Los Angeles, CA 90017
(213) 439-6799

☒ **M** 1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2941

☐ **E** 2000 "O" Street, Suite 120
Sacramento, CA 95814
(916) 445-9523

☐ **D** 1350 Front Street, Suite 3005
San Diego, CA 92101
(619) 645-2681

☐ **A** San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2873

☐ **G** 2570 North First Street, Suite 480
San Jose, CA 95131
(408) 325-0244

☐ **K** 2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266

**EEOC Number:** 555-2008-00159
**Case Name:** Ms. Lekisha Ware v XPEDX
**Date:** November 19, 2007

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

<u>No response to the DFEH is required by the respondent.</u>

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

<u>Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.</u>

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

Exhibit G     11847802515.tif - 1/28/2008 12:05:30 PM

## PROOF OF SERVICE BY MAIL

I am employed in Fresno County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 8080 North Palm Avenue, Third Floor, Fresno, CA 93711. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Services. On, February 27, 2008 I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

DEFENDANTS' NOTICE OF REMOVAL

In a sealed envelope, addressed as follows:

Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, CA 94612

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 27, 2008 at Fresno, California.

/s/ NELLIE M. JACQUES
Nellie M. Jacques



# Frequently Asked Questions (FAQ)

Question:
*How do I file after hours using the DROP BOX?*

Answer:

| San Francisco | 16th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
| San Jose | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## DROP BOX FILING PROCEDURES

1. The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays. Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2. The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days. All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3. Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page.** Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public. The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday. In those instances, the "Filed" date will be the first court day following the weekend or holiday. Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4. After stamping each original and enclosing one copy for the court,* the documents must be placed in an orange court mailing pouch or red Expando folder provided for your convenience. *To facilitate processing of your documents, each original document should be submitted on top of its copies.* Prior to placing the pouch or folder in the drop box, please

Feb-27-2008 05:19pm Case 3:08-cv-01187-JSW Service Document 1   Filed 02/27/2008   Page 35 of 35
How do I file after hours using the DROP BOX?   T-906  P.040/040  F-540
Page 2 of 2



insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.** You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*

(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5. If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage. Alternatively, if you would like to pick up conformed copies, please mark your return envelope "**FOR MESSENGER PICK UP BY: (NAME, FIRM)** ." Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6. A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount. *Please do not enclose cash.*

7. Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate. Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.

---

While the information presented above is accurate as of the date of publication, it should not be cited or relied upon as legal authority. It is highly recommended that legal advice be obtained from an attorney or legal association. For filing requirements, please refer to the Federal Rules of Civil Procedure, Federal Rules of Evidence, US Code, Federal Rules of Criminal Procedure, Code of Federal Regulations, and the Local Rules for the Northern District of California .