MICHAEL J. HOGAN, #66208
PAUL J. BAUER, #202752
DOWLING, AARON & KEELER, INC.
8080 North Palm Avenue, Third Floor
Fresno, CA 93711
Telephone: (559) 432-4500
Facsimile: (559) 432-4590
E-mail: pbauer@daklaw.com

Attorneys for Defendants
INTERNATIONAL PAPER COMPANY,
AND xpedx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKESHA WARE,<br><br>         Plaintiff,<br><br> v.<br><br>INTERNATIONAL PAPER C0., aka INTERNATIONAL PAPER COMPANY, AKA INTERNATIONAL PAPER, AKA XPEDX, XPEDX, a division of INTERNATIONAL PAPER, XPEDX, Does 1 to 10 Inclusive,<br><br>         Defendants. | Case No.  C 08-01187 WDB<br><br>DEFENDANTS INTERNATIONAL PAPER COMPANY'S AND XPEDX'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>Action Filed:  January 11, 2008 |

Defendants, International Paper Company ("IP") and xpedx ("xpedx") (collectively "Defendants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Amended Complaint[1] as follows:

**GENERAL ALLEGATIONS**

  1.  Answering Paragraph 1 of the Amended Complaint, Defendants admit, on information and belief, the allegations contained in said Paragraph.

  2.  Answering Paragraph 2 of the Amended Complaint, Defendants admit that International Paper is a corporation doing business in California.  Defendants admit that xpedx is a division of International Paper.  Defendants deny the remaining allegations in Paragraph 2 of the

---

[1] Plaintiff filed a Complaint in Alameda County on November 27, 2007. Defendants were never served with the Complaint. The first notice Defendants received of this action was an Amended Complaint, to which, Defendants now file this Answer.

1.
DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Amended Complaint.

3. Plaintiff's Amended Complaint does not contain a Paragraph 3 and therefore, Defendants are not required to provide an answer.

4. Answering Paragraph 4 of the Amended Complaint, Defendants admit that xpedx does business in the State of California. Defendants deny the remaining allegations in said Paragraph.

5. Answering Paragraph 5 of the Amended Complaint, Defendants admit that Plaintiff was employed by xpedx. Defendants further state that xpedx is a division of International Paper. The allegations regarding the Fair Employment and Housing Act are legal conclusions to which Defendants are not required to admit or deny. Defendants deny the remaining allegations in said Paragraph.

6. Answering Paragraph 6 of the Amended Complaint, the allegations regarding Title VII of the Civil Rights Act of 1964 are legal conclusions to which Defendants are not required to admit or deny.

7. Answering Paragraph 7 of the Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the allegations of said Paragraph and therefore, deny same.

8. Answering Paragraph 8 of the Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the allegations in said Paragraph and therefore, deny same.

9. Answering Paragraph 9 of the Amended Complaint, Defendants deny the allegations in said Paragraph. Defendants deny that they committed or engaged in any unlawful practices, actions or omissions that would give rise to this action, and deny that Plaintiff has any cognizable claims under federal or state law.

10. Answering Paragraph 10 of the Amended Complaint, Defendants admit that Plaintiff is an African American female. Defendants admit that Plaintiff suffered an on the job injury for which she was receiving workers' compensation benefits. Defendants deny the remaining allegations in said Paragraph.

11.     Answering Paragraph 11 of the Amended Complaint, Defendants admit that Plaintiff is an African American female.  Defendants admit that Plaintiff suffered an on the job injury for which she was receiving workers' compensation benefits.  Defendants deny the remaining allegations in said Paragraph.

12.     Answering Paragraph 12 of the Amended Complaint, Defendants admit that Plaintiff commenced her employment at xpedx on April 20, 2001.  Defendants deny the remaining allegations in said Paragraph.

13.     Answering Paragraph 13 of the Amended Complaint, Defendants admit that Plaintiff sustained an on the job injury while working at xpedx.  Defendants deny the remaining allegation in said Paragraph.

14.     Answering Paragraph 14 of the Amended Complaint, Defendants admit the allegations in said Paragraph.

15.     Answering Paragraph 15 of the Amended Complaint, Defendants deny the allegations in said Paragraph.

16.     Answering Paragraph 16 of the Amended Complaint, Defendants admit that Exhibit A attached to Plaintiff's Amended Complaint purports to be a complaint to the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Department of Fair Employment and Housing (hereinafter "DFEH").  Defendants deny the remaining allegations in said Paragraph.

17.     Answering Paragraph 17 of the Amended Complaint, Defendants admit that the first page of Exhibit B attached to Plaintiff's Amended Complaint is a Notice of Right to Sue issued by the EEOC.  Defendants deny the remaining allegations in said Paragraph.

18.     Answering Paragraph 18 of the Amended Complaint, Defendants deny the allegations in said Paragraph.

19.     Answering Paragraph 19 of the Amended Complaint, Defendants admit that Exhibit C attached to Plaintiff's Amended Complaint purports to be a complaint to the EEOC and the DFEH.  Defendants deny the remaining allegations in said Paragraph.

20.     Answering Paragraph 20 of the Amended Complaint, Defendants admit that

the first page of Exhibit D attached to Plaintiff's Amended Complaint is a Notice of Right to Sue from the EEOC. Defendants deny the remaining allegations in said Paragraph.

21. Answering Paragraph 21 of the Amended Complaint, Defendants deny the allegations in said Paragraph.

22. Answering Paragraph 22 of the Amended Complaint, Defendants deny the allegations in said Paragraph.

23. Answering Paragraph 23 of the Amended Complaint, Defendants deny the allegations in said Paragraph.

24. Answering Paragraph 24 of the Amended Complaint, Defendants deny the allegations in said Paragraph.

25. Answering Paragraph 25 of the Amended Complaint, Defendants deny the allegations in said Paragraph and its subparts.

26. Answering Paragraph 26 of the Amended Complaint, Defendants deny the allegations in said Paragraph.

27. Answering Paragraph 27 of the Amended Complaint, this Paragraph contains no factual allegations and therefore, a response from Defendants is not necessary.

**FIRST CAUSE OF ACTION**

28. Defendants hereby incorporate by reference its answers and responses to Paragraphs 1-27 of Plaintiff's Amended Complaint as though fully set forth herein.

29. Answering Paragraph 29 of the Amended Complaint, Defendants deny the allegations in said Paragraph.

30. Answering Paragraph 30 of the Amended Complaint, the allegations are legal conclusions to which Defendants are not required to admit or deny. To the extent a response is required, Defendants deny same.

31. Answering Paragraph 31 of the Amended Complaint, Defendants admit that a Notice of Right to Sue was issued by the DFEH. Defendants deny the remaining allegations in said Paragraph.

32. Answering Paragraph 32 of the Amended Complaint, Defendants deny the

1  allegations in said Paragraph.

2      33.    Answering Paragraph 33 of the Amended Complaint, Defendants deny the
3  allegations in said Paragraph.

4      34.    Answering Paragraph 34 of the Amended Complaint, Defendants deny the
5  allegations in said Paragraph.

6  **SECOND CAUSE OF ACTION**

7      35.    Defendants hereby incorporate by reference their answers and responses to
8  Paragraphs 1-34 of Plaintiff's Amended Complaint as though fully set forth herein.

9  **THIRD CAUSE OF ACTION**

10      36.    Defendants hereby incorporate by reference their answers and responses to
11  Paragraphs 1-35 of Plaintiff's Amended Complaint as though fully set forth herein.

12      37.    Answering Paragraph 37 of the Amended Complaint, Defendants admit that
13  they are equal opportunity employers. Defendants admit that they do not discriminate on any
14  basis. Defendants deny the remaining allegations in said Paragraph 37.

15      38.    Answering Paragraph 38 of the Amended Complaint, Defendants deny the
16  allegations in said Paragraph.

17      39.    Answering Paragraph 39 of the Amended Complaint, Defendants deny the
18  allegations in said Paragraph.

19  **FOURTH CAUSE OF ACTION**

20      40.    Defendants hereby incorporate by reference their answers and responses to
21  Paragraphs 1-39 of Plaintiff's Amended Complaint as though fully set forth herein.

22      41.    Answering Paragraph 41 of the Amended Complaint, the allegations
23  regarding the basis for or existence of an implied covenant of good faith and fair dealing in "every
24  employment contract" is a legal conclusion which Defendants are not required to admit or deny.
25  Defendants deny that there was an employment contract with Plaintiff. Plaintiff was an at-will
26  employee. Defendants deny the remaining allegations in said Paragraph.

27  **FIFTH CAUSE OF ACTION**

28      42.    Defendants hereby incorporate by reference their answers and responses to

Paragraphs 1-41 of Plaintiff's Amended Complaint as though fully set forth herein.

43.     Answering Paragraph 43 of the Amended Complaint, Defendants deny the allegations in said Paragraph 43. Defendants further deny that they have violated any state or federal law as described in the Amended Complaint and deny that Plaintiff has stated a valid cause of action for which she is entitled to any relief under any legal basis.

**SIXTH CAUSE OF ACTION**

44.     Defendants hereby incorporate by reference their answers and responses to Paragraphs 1-43 of Plaintiff's Amended Complaint as though fully set forth herein.

45.     Answering Paragraph 45 of the Amended Complaint, Defendants admit that Exhibit E attached to Plaintiff's Amended Complaint purports to be a complaint to the EEOC and the DFEH. Defendants deny the remaining allegations in said Paragraph.

46.     Answering Paragraph 46 of the Amended Complaint, Defendants admit that the first page of Exhibit F attached to Plaintiff's Amended Complaint is a Notice of Right To Sue from the EEOC. Defendants deny the remaining allegations in said Paragraph.

**SEVENTH CAUSE OF ACTION**

47.     Defendants hereby incorporate by reference their answers and responses to Paragraphs 1-46 of Plaintiff's Amended Complaint as though fully set forth herein.

48.     Answering Paragraph 48 of the Amended Complaint, Defendants admit that Exhibit E attached to Plaintiff's Amended Complaint purports to be a complaint to the EEOC and the DFEH. Defendants deny the remaining allegations in said Paragraph.

49.     Answering Paragraph 49 of the Amended Complaint, Defendants admit that Exhibit G attached to Plaintiff's Amended Complaint is a Notice of Right to Sue issued by the DFEH. Defendants deny the remaining allegations in said Paragraph 49.

**PRAYER**

50.     To the extent not heretofore admitted, modified or denied, Defendants herein and now deny any remaining allegations contained in Plaintiff's Amended Complaint and demand strict proof thereof.

/ / / /

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing from this Amended Complaint;

2. That the Amended Complaint be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief contained in the Amended Complaint;

4. For cost of suits incurred herein including reasonable attorneys' fees; and

5. For such other and further relief as the Court deems just and equitable.

## **AFFIRMATIVE DEFENSES**

1. As a first, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege that the Amended Complaint and each cause of action and/or theory of liability alleged therein fails to state facts sufficient to constitute a cause of action or set forth a claim upon which relief may be granted against Defendants.

2. As a second, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege that the Amended Complaint fails to state facts sufficient to state a claim for punitive and/or exemplary damages because any alleged discriminatory, harassing and/or retaliatory conduct by Defendants' employees (which Defendants deny) was contrary to their anti-discrimination policies, which Defendants implemented in good faith and fairly and adequately enforced.

3. As a third, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege that Plaintiff failed to exercise reasonable and ordinary care, caution or prudence and that the alleged injuries and damages, if any, were proximately caused and/or contributed to by Plaintiff's own negligence and/or intentional conduct and therefore, any recovery to which Plaintiff might otherwise be entitled must be reduced by reason of Plaintiff's contributory or comparative negligence and/or intentional conduct.

4. As a fourth, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege that Plaintiff failed to take reasonable affirmative action to mitigate her damages as they are alleged in the Amended Complaint, and therefore, is barred from any recovery against Defendants to the extent Plaintiff has failed to mitigate her damages.

5. As a fifth, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege that Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits, by any duplicative awards, and by any damages caused by Plaintiff to Defendants.

6. As a sixth, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege that the Amended Complaint is barred by the doctrine of waiver.

7. As a seventh, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege that the Amended Complaint is barred by the doctrine of estoppel.

8. As an eighth, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege that the Amended Complaint is barred by the doctrine of laches.

9. As a ninth, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege Plaintiff's exclusive remedy for her alleged physical, mental and/or emotional injuries, including claims for emotional distress injury, to the extent such injuries are alleged to have arisen out of the parties' employment relationship, is under California Workers' Compensation Act, Labor Code § 3600, *et seq*., and this Court is divested of jurisdiction inasmuch as an employer/employee relationship existed subject to workers' compensation coverage, Plaintiff's conduct was within the course and scope of her employment, and the alleged injury, if any injury exists, was proximately caused by the employment.

10. As a tenth, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege Plaintiff's claims are barred by any and all applicable statutes of limitations, including, but not limited to, 42 U.S.C. §§ 2000e-5(b), 2000e-5(e)(1), and 2000e-5(f)(1), as well as California Government Code section 12900 et seq. and California Code of Civil Procedure sections 335.1, 337(1), 339, and 340.

11. As an eleventh, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege that Plaintiff has failed to comply with all conditions precedent to the commencement of this action.

12. As a twelfth, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege that Plaintiff's claims are barred because Plaintiff failed to exhaust

her administrative remedies under 42 U.S.C. § 2000e-5 and California Government Code section 12900 et seq.

13. As a thirteenth, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege that the allegations contained in Plaintiff's Amended Complaint go beyond the scope of the Charge of Discrimination (hereinafter "Charge") filed by Plaintiff with the EEOC, or the DFEH, and to that extent are barred and should be dismissed.

14. As a fourteenth, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege that Plaintiff failed to file a timely Charge with respect to acts alleged to have occurred more than 300 days from the filing of a Charge with the EEOC and, therefore, the Court lacks subject matter jurisdiction of such alleged acts.

15. As a fifteenth, separate and affirmative defense to Plaintiffs Amended Complaint, Defendants allege Plaintiff was an at-will employee pursuant to California Labor Code § 2922, and thus, was terminable either by herself or Defendants at-will.

16. As a sixteenth, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege Plaintiff's claims are barred by her failure to exhaust her internal remedies and her failure to act with reasonable care to take advantage of Defendants' safeguards to avoid and/or eliminate discrimination, which failure to act by Plaintiff could have avoided any harm.

17. As a seventeenth, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege that any recovery on the causes of action alleged in the Amended Complaint must be barred or reduced to the extent that Plaintiff did not exercise reasonable care and failed to take advantage of, and exhaust, the preventive or corrective opportunities provided by Defendants. Defendants exercised reasonable care to prevent and correct promptly any acts of discrimination, and retaliation.

18. As an eighteenth, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege they acted in good faith and did not directly or indirectly perform any acts or fail to perform any acts whatsoever that would constitute a violation of duty or breach of duty, if any, owed to Plaintiff by Defendants, sounding in either contract or tort.

19.     As a nineteenth, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege they had legitimate, non-discriminatory business reasons for all actions taken with respect to Plaintiff. All actions taken by Defendants with respect to Plaintiff's employment were for legitimate reasons.

20.     As a twentieth, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants allege Plaintiff's claims are barred in whole or in part because any and all actions taken by Defendants with respect to Plaintiff were job related for the position in question and consistent with business necessity.

21.     As a twenty-first, separate and affirmative defense to Plaintiff's Amended Complaint, notwithstanding any other defenses and while denying that Defendants violated any federal or state laws, Defendants aver that even if factors prohibited by federal or state law had been motivating factors in any personnel decision or acting affecting Plaintiff, the same action or decision would have occurred in the absence of such factors. Therefore, pursuant to 42 U.S.C. § 2000e-5(g)(2)(B), Plaintiff's claims are precluded.

22.     As a twenty-second, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants assert every defense available to them under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.

23.     As a twenty-third separate and affirmative defense to Plaintiff's Amended Complaint, Defendants are relieved of any liability whatsoever as to Plaintiff's causes of action because any unlawful conduct alleged against Defendants' current and/or former employees occurred outside the course and scope of their employment.

24.     As a twenty-fourth, separate and affirmative defense to Plaintiff's Amended Complaint, the injuries which Plaintiff alleges in her Amended Complaint, and each cause of action thereof, if they exist at all, resulted from a cause or causes not proximately related to any act or omission by Defendants.

25.     As a twenty-fifth, separate and affirmative defense to Plaintiff's Amended Complaint, without admitting any of the allegations contained in the Amended Complaint, Defendants aver that to the extent that the Amended Complaint, and each alleged cause of action

therein seeks punitive or exemplary damages, it violates Defendants' rights to procedural and substantive due process and Defendants' rights to protection from "excessive fines" as provided in the Fourteenth, Fourth and Eighth Amendments to the United States Constitution and the parallel provisions of the Constitution of the State of California and, therefore, fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

26. As a twenty-sixth, separate and affirmative defense to Plaintiff's Amended Complaint, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW of No. America v. Gore*, 116 U.S. 1589 (1996).

27. Because the Amended Complaint is couched in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to the within action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

Dated: March 3, 2008.

By: /S/ PAUL J. BAUER
PAUL J. BAUER
DOWLING, AARON & KEELER, INC.
Attorneys and Counselors at Law
Attorneys for Defendant
INTERNATIONAL PAPER COMPANY, and
xpedx