MICHAEL J. HOGAN, #66208
PAUL J. BAUER, #202752
DOWLING, AARON & KEELER, INC.
8080 North Palm Avenue, Third Floor
Fresno, CA 93711
Telephone: (559) 432-4500
Facsimile: (559) 432-4590
E-mail: pbauer@daklaw.com

Attorneys for Defendants
INTERNATIONAL PAPER COMPANY
AND xpedx

MICHAEL C. COHEN, ESQ., Bar No. 65487
LAW OFFICES OF MICHAEL C. COHEN
1814 Franklin Street, Suite 900
Oakland, CA 94612
Telephone: (510) 832-6436
E-mail: mcohen@cohenlegalfirm.com

Attorneys for Plaintiff
LAKESHA WARE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKESHA WARE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>INTERNATIONAL PAPER CO., aka INTERNATIONAL PAPER COMPANY, AKA INTERNATIONAL PAPER, AKA XPEDX, XPEDX, a division of INTERNATIONAL PAPER, XPEDX, Does 1 to 10 Inclusive,<br><br>　　　　　　Defendants. | Case No.  C 08-01187 WDB<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Action Filed:　　January 11, 2008 |

In accordance with the Court's Standing Order re Contents of Joint Case Management Statement, counsel for the parties submit the following case management statement.

　　　　1.　　Jurisdiction and Service:  This Court has subject matter jurisdiction over this case as Plaintiff LAKESHA WARE alleges discrimination in violation of Title VII of the Civil Rights Act of 1964.

1.
JOINT CASE MANAGEMENT STATEMENT

2. <u>Defendants' Statement of Facts</u>: Plaintiff worked in the shipping department of Defendant xpedx's Oakland, California store. In January, 2007, Plaintiff allegedly suffered an injury to her back while on the job. Plaintiff filed for, and received, workers' compensation benefits. Plaintiff did not miss any work due to her injury. She was placed on modified duty as a cashier in order to accommodate her work restrictions.

In March, 2007, Defendant xpedx announced that it was closing its Oakland store and opening a smaller store in Berkeley, California. Employees of the Oakland store, including Plaintiff, were offered jobs at the Berkeley store. The Oakland employees were offered the same transfer opportunity as Plaintiff, some of whom had open workers' compensation claims. Plaintiff did not accept the offer to transfer to the Berkeley store because she wanted to set her own work hours at the Berkeley location, to which Defendant could not agree. Since she was refusing the transfer, Plaintiff was offered a termination agreement and severance, but she declined, and was terminated because the Oakland store was closed.

Defendant denies Plaintiff's allegations and contends Plaintiff's employment ended based on a legitimate business reason.

<u>Plaintiff's Statement of Facts</u>: Plaintiff an African American female was employed by Defendant, Xpedx in Oakland, California. Plaintiff sustained an injury to her back. She was able to perform the essential duties of her job, with or without a reasonable accommodation. Plaintiff was performing her job in a satisfactory manner. In or about March 2007, defendant Xpedx unlawfully terminated plaintiff's employment. Defendant hired a white male to perform plaintiff's job. Plaintiff was more qualified to perform the job than the white male that defendant hired to replace her.

Defendant offered plaintiff's co-workers the opportunity to work at a store that defendant opened in Berkeley, but defendant did not offer plaintiff the opportunity to work at the store in Berkeley.

Plaintiff contends that defendant in terminating her employment and failing to offer her the opportunity to work in the new store in Berkeley, discriminated against her because of her race, gender, disability, perceived disability and or medical condition and retaliated against for

filing a workers compensation complaint in violation of public policy and terminated her employment wrongfully in violation of public policy.

    3.    <u>Legal Issues</u>:

        a.    Was Plaintiff discriminated against on the basis of her race in violation of Government Code §§ 12920, 12921, and 12930 *et seq.*?

        b.    Was Plaintiff discriminated against on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended?

        c.    Was Plaintiff discriminated against on the basis of her sex?

        d.    Was Plaintiff discriminated against on the basis of her alleged disability or perceived disability?

        e.    Was Plaintiff wrongfully terminated in violation of public policy under Government Code §§ 12920 and 12921?

        f.    Did a contract exist between Defendants and Plaintiff and if so, did Defendant breach the contract by terminating Plaintiff?

        g.    Were Defendants' reasons for terminating Plaintiff legitimate, non-discriminatory reasons?

        h.    Were Defendants' reasons for terminating Plaintiff pretextual?

        i.    Has Plaintiff suffered damages?

        j.    Did Plaintiff mitigate her alleged damages?

    4.    <u>Motions</u>:  There are currently no pending motions.  Defendants anticipate filing a motion to dismiss and/or motion for summary judgment.  Defendants will also seek to bifurcate damages.

    5.    <u>Defendants' Amendment of Pleadings</u>:  Defendants do not anticipate any amendment to the pleadings.  The parties propose June 1, 2009, by which to add parties and/or amend the pleadings.

    <u>Plaintiff's Amendment of Pleadings</u>:  Plaintiff may amend complaint to more clearly state claims and possibly add claims that are supported by the facts.

6. <u>Evidence Preservation</u>: Defendants have issued a preservation memo with respect to all materials associated with this matter.

7. <u>Disclosures</u>: The parties shall exchange Rule 26(a)(1) Disclosures within 14 days after the parties' joint case management conference.

8. <u>Discovery</u>: The parties jointly propose the following discovery plan. Discovery will be needed on the following subjects:

Plaintiff's claims in her Complaint, Defendants' defenses, potential damages (if any), and Plaintiff's prior and current employment history. All non-expert discovery commenced in time to be completed by January 29, 2010.

9. <u>Class Action</u>: Not applicable.

10. <u>Related Cases</u>: There are no related cases pending.

11. <u>Relief</u>: Plaintiff's complaint states a claim for compensatory and special damages; lost income; punitive and exemplary damages; attorneys fees and costs; prejudgment interest.

12. <u>Settlement and ADR</u>: This case has been referred for court sponsored mediation, which is scheduled to commence on August 28, 2008, before Arthur R. Siegel, Esq.

13. <u>Consent to Magistrate Judge For All Purposes</u>: The parties do not consent to refer this case to a Magistrate Judge.

14. <u>Other References</u>: Not applicable.

15. <u>Narrowing of Issues</u>: Defendant has not identified any issues that can be narrowed by agreement or by motion. Defendant does not request a bifurcation of any of the issues, claims or defenses.

16. <u>Expedited Schedule</u>: Defendant does not believe this case can be handled on an expedited basis.

17. <u>Scheduling</u>: The parties propose the following schedule:

Designation of experts will be due from Plaintiff by December 1, 2009, and from Defendants by December 15, 2009.

///

Reports from retained experts under Rule 26(a)(2) due from Plaintiff by December 1, 2009, and from Defendants by December 15, 2009.

Non-expert discovery will be completed by December 31, 2009.

Expert discovery will be completed by January 29, 2010.

All potentially dispositive motions will be filed by January 29, 2010.

The final pretrial conference will be set for March 29, 2010. This case will be ready for trial by April 12, 2010.

18.  <u>Trial</u>: This case will be tried before a jury and it is expected to take seven to 10 days.

19.  <u>Disclosure of Non-party Interested Entities or Persons</u>: The parties have filed the Certification of Interested Parties.

Pursuant to L.R. 3-16, Defendants certify that the following listed persons have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

<u>Officers</u>:

John V. Faraci – Chairman and CEO
Newland A. Lesko – Executive Vice President
John N. Balboni – Senior Vice President and CIO
Michael J. Balduino – Senior Vice President, President Shorewood Packaging
H. Wayne Brafford – Senior Vice President
Jerome N. Carter – Senior Vice President
C. Cato Ealy – Senior Vice President
Thomas E. Gestrich – Senior Vice President, President International Paper Asia
Thomas G. Kadien – Senior Vice President, President xpedx

Mary A. Laschinger – Senior Vice President, President International Paper Europe, Middle East, Africa and Russia
Timothy S. Nicholls – Senior Vice President and CFO
Maximo Pacheco – Senior Vice President, President International Paper do Brasil
Carol Roberts – Senior Vice President
Maura Abeln Smith – Senior Vice President and General Counsel, Corporate Secretary and Global Government Relations
Mark S. Sutton – Senior Vice President
W. Michael Amick, Jr. – Vice President xpedx
September G. Blain – Vice President
Aleesa L. Blum – Vice President
Paul Brown – Vice President
Thomas A. Cleves – Vice President
Dennis J. Colley – Vice President
James A. Connelly – Vice President xpedx
Kirt J. Cuevas – Vice President

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

    Arthur J. Douville – Vice President xpedx
    Michael P. Exner – Vice President
    Greg C. Gibson – Vice President
    Robert J. Grillet – Vice President
    Errol A. Harris – Vice President
    Jeffrey A. Hearn – Vice President do Brasil
    Peter G. Heist – Vice President
    Terri L. Herrington – Vice President
    William Hoel – Vice President
    Tommy S. Joseph – Vice President
    Paul J. Karre – Vice President
    Timothy A. Kelly – Vice President
    Austin E. Lance – Vice President
    Glenn R. Landau – Vice President
    David A. Liebetreau – Vice President
    Richard B. Lowe – Vice President xpedx
    Kevin G. McWilliams – Vice President
    William A. Merrigan – Vice President
    Ted R. Niederriter – Vice President and Deputy General Counsel
    Jean-Michael Ribieras – Vice President
    John V. Sims – Vice President
    David B. Struhs – Vice President
    Greg Wanta – Vice President
    Thomas J. Weisenbach – Vice President xpedx
    Robert W. Wenker – Vice President and CTO
    Ann B. Wrobleski – Vice President
    Paul Herbert – CEO Ilim Group
    Brian N. McDonald – Deputy CEO and Managing Director Ilim East
    John W. Rankin - – Vice President Ilim Group

16     <u>Directors</u>:

17     John V. Faraci
    David J. Bronczek
18     Martha F. Brooks
    Lynn Laverty Elsenhans
19     Samir G. Gibara
    Donald f. McHenry
20     John L. Townsend, III

21     John F. Turner
    William G. Walter
22     Alberto Weisser
    J. Steven Whisler

23

24 ///

25 ///

26 ///

27 ///

28 ///

JOINT CASE MANAGEMENT STATEMENT

1  Dated: August 25, 2008

4  By: /S/ PAUL J. BAUER
       PAUL J. BAUER
       DOWLING, AARON & KEELER, INC.
       Attorneys and Counselors at Law
       Attorneys for Defendant
       INTERNATIONAL PAPER COMPANY AND
       xpedx

8  Dated: August 25, 2008

   By: /S/ MICHAEL C. COHEN
       MICHAEL C. COHEN
       LAW OFFICES OF MICHAEL C. COHEN
       Attorney for Plaintiff
       LAKESHA WARE

28  F:\wdocs\MAINDOCS\81351\002\00191021.DOC